# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULIO COLON,** | ) |
| | ) |
| Petitioner, | ) Case No. 7:17CV00219 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **DAVID EBBERT, WARDEN,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Julio Colon, Pro Se Petitioner; Matthew Miller, Assistant United States Attorney, Roanoke, Virginia, for the Respondent.*

Petitioner, Julio Colon, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Colon contends that he was convicted of prison disciplinary offenses without due process. Upon review of the petition and the respondent's[1] evidence in response thereto, I conclude that the petition must be dismissed for failure to exhaust administrative remedies.

Colon was incarcerated at United States Penitentiary ("USP") Lewisburg, in West Virginia. On June 13, 2016, an investigator there completed an Incident Report, charging Colon with three prison disciplinary infractions: introduction of

---

[1] As a preliminary matter, at the respondent's request, I will substitute C. Ratledge as the respondent. Colon is confined at the United States Penitentiary in Lee County, Virginia ("USP Lee"), where Ratledge is employed as warden. As Colon's immediate custodian, Ratledge is the appropriate respondent to this § 2241 petition. *See* 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

any narcotic, use of the mail for an illegal purpose, and use of the telephone for an illegal purpose.[2] The investigation gathered evidence that in March 2016, Colon had used coded language in telephone conversations with a female acquaintance to arrange for her to send him fifty N8 Suboxone strips hidden in legal mail. The attempted transaction was thwarted in the USP Lewisburg mailroom. Investigators discovered that the law firm listed as the return address on Colon's incoming legal mail item was false, opened the envelope, and found the Suboxone strips and other evidence of Colon's involvement in the transaction.

Officials first served Colon a copy of the Incident Report on June 13, 2016. After a suspension of the report for possible criminal prosecution, which was declined, officials again delivered the Incident Report to Colon on August 9, 2016. A lieutenant advised Colon of his rights. Colon said he understood those rights, but declined to make any statement.

A Unit Discipline Committee ("UDC") reviewed the Incident Report and held a hearing at which Colon was present. He made no comment. Based on the seriousness of the charges, the UDC then referred the report to a Disciplinary Hearing Officer ("DHO") for further proceedings and advised Colon of his rights in those proceedings.

---

[2] The undisputed facts summarized here are taken from documentation submitted by the respondent.

The DHO conducted a hearing on August 15, 2016. When the DHO asked Colon if he wished to admit or deny committing the prohibited acts charged in the report, Colon stated that he accepted full responsibility for his actions and declined any further comment. The DHO noted that Colon made no complaints of procedural errors during the hearing.

Based on the Incident Report and investigation and Colon's failure to deny the charged conduct or present any defense, the DHO determined that Colon had committed the prohibited acts as charged. The DHO then imposed these sanctions: loss of forty-one days of good conduct time for each offense; sixty days of disciplinary segregation; the loss of commissary, e-mailing, and telephone privileges for fifteen months; and noncontact only visitation for fifteen months.

Colon was advised of his right to pursue an administrative appeal of the DHO's rulings and was provided a copy of the final DHO report on September 1, 2016. Although prison records indicate that Colon knew of, and had previously pursued, disciplinary appeals, he did not file an appeal from the DHO's decision at issue in this case.

In May 2017, Colon filed his verified § 2241 petition, alleging these claims for relief: (1) he did not receive twenty-four hour advance written notice of the charges; (2) he did not have an opportunity to call witnesses or present documentary evidence in his defense; and (3) he did not receive a copy of the

written decision by the DHO. Colon seeks to have his disciplinary action expunged and his forfeited good conduct time restored.

The respondent has argued for dismissal of the petition, because Colon failed to exhaust administrative remedies and his claims are without merit. The court notified Colon of the respondent's pleading as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The court also gave him time to file affidavits or other documents contradicting the respondent's evidence or otherwise explaining his claims. Colon never responded, and the time allotted for his response has expired, making the matter ripe for consideration.

II.

Before filing a § 2241 petition about prison disciplinary proceedings, an inmate must first exhaust available administrative remedies, or show cause for his failure to do so. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) (federal prisoner challenging disciplinary action must first exhaust administrative remedies prior to filing § 2241 petition). Exhaustion of administrative remedies may be excused if the inmate establishes futility. *United States v. Strickland*, No. 7:98–CR–82–5–F(l), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004), *aff'd*, 126 F. App'x 116, 117 (4th Cir. 2005).

It is undisputed that Colon had an available administrative appeal from the DHO's rulings and that he failed to pursue such an appeal. Colon also has not presented any evidence that exhaustion would have been futile. Thus, I conclude that Colon failed to exhaust administrative remedies before filing this habeas petition and will dismiss the petition on this ground.[3]

A separate Final Order will be entered herewith.

DATED: June 21, 2018

/s/ James P. Jones
United States District Judge

---

[3] Furthermore, I also conclude that Colon's due process claims are without merit. In prison disciplinary hearings, due process protections are limited: (1) written notice of the charged violations at least twenty-four hours before the hearing; (2) disclosure of evidence against the prisoner; (3) the right to call witnesses and present documentary evidence absent safety concerns; (4) a neutral and detached factfinder; and (5) a written statement by the fact finder of the evidence relied on and reasons for disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 559-566 (1974). Colon has presented no particularized facts disputing the respondent's evidence that he received all of the protections outlined in *Wolff*.