# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULIO COLON,** | ) |
| Petitioner, | ) Case No. 7:17CV00219 |
| v. | ) **OPINION** |
| **C. RATLEDGE, WARDEN,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Julio Colon, Pro Se Petitioner; Matthew Miller, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

Petitioner, Julio Colon, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Colon contends that he was convicted of prison disciplinary offenses without due process. After review of the record parties' submissions,[2] I conclude that Colon's petition must be dismissed as without merit.

---

[1] When Colon filed his § 2241 petition, he was confined at United States Penitentiary Lee ("USP Lee"), where C. Ratledge was employed as warden. Although Colon has now been transferred to a federal prison facility in another state, because USP Lee is located in this judicial district, I retain jurisdiction to decide Colon's petition. *See, e.g., Ex parte Mitsuye Endo*, 323 U.S. 283, 306 (1944).

[2] By previous Opinion and Order, I dismissed the Petition for failure to exhaust administrative remedies, based on a responsive pleading and documentation from the respondent to which Colon never responded. By Order entered January 2, 2019, based on Colon's representation that he did not receive the respondent's submissions, I granted his motion for reconsideration, vacated the dismissal order, and reinstated the case to the active docket.

I.

Colon was incarcerated at United States Penitentiary Lewisburg ("USP Lewisburg") when the disciplinary proceedings at issue occurred. On June 13, 2016, an investigator there completed an Incident Report, charging Colon with three prison disciplinary infractions: introduction of any narcotic, use of the mail for an illegal purpose, and use of the telephone for an illegal purpose.[3] According to the Incident Report and an investigation report by authorities at USP Lewisburg, evidence indicated that in March 2016, Colon had placed a telephone call and then used coded language in telephone conversations with a female acquaintance to arrange for her to send him fifty N8 Suboxone strips hidden in legal mail. The attempted transaction was thwarted in the USP Lewisburg mailroom. Investigators discovered that the law firm listed as the return address on Colon's incoming legal mail item was false, opened the package, and found the Suboxone strips and other items used as evidence against Colon.

Undisputed documentation indicates that Colon received a copy of the Incident Report on June 13, 2016, and again on August 9, 2016, after a possible criminal prosecution was declined. A Unit Discipline Committee ("UDC")

---

[3] The facts summarized here are taken from the respondent's documentary evidence and are undisputed, unless otherwise noted. The respondent offers a sworn declaration by the paralegal for the Beckley Consolidated Legal Center in West Virginia, dated July 5, 2017, indicating that these documents were obtained from Colon's Central File that follows him from one prison facility to another. Resp. Show Cause, Wahl Decl. ¶ 14, ECF No. 4-1.

reviewed the Incident Report and held a hearing at which Colon was present. He made no comment. Based on the seriousness of the charges, the UDC then referred the report to a Disciplinary Hearing Officer ("DHO") for further proceedings. On August 10, 2016, Colon signed forms indicating that he had been given notice and advised of his rights regarding the upcoming DHO proceedings. In writing, he declined opportunities to have a staff representative and to present witness testimony.

The DHO conducted a hearing on August 15, 2016. Colon declined to present evidence on his behalf. When the DHO asked if he wished to admit or deny committing the prohibited acts charged in the report, Colon made no comment.[4]

The final DHO Report in the record is dated September 1, 2016. It indicates that as evidence in the case, the DHO considered the Incident Report, the investigation report, a transcript of the telephone conversation between Colon and his accomplice, and photographs of the legal mail package addressed to Colon that contained the concealed Suboxone strips. The DHO also considered the fact that Colon had elected not to make any statement or offer any documentary evidence in his defense at the hearing. Specifically, the DHO found that these facts supported

---

[4] The DHO also noted that Colon said he accepted full responsibility for his actions. Colon denies making any statement.

an adverse inference that Colon had committed the charged infractions, because if Colon had not committed the infractions, he would have taken the opportunity that the hearing offered to deny doing so. Based on this listed evidence, the DHO determined that Colon *had* committed the prohibited acts as charged. The DHO then imposed sanctions, including the loss of forty-one days of good conduct time for each offense, sixty days of disciplinary segregation, and the temporary loss of several privileges. The DHO Report indicates that Colon was advised of his right to pursue an administrative appeal of the DHO's rulings and that he was provided a copy of the final DHO report on September 1, 2016. Colon did not appeal.

Colon's § 2241 petition contends that the DHO proceeding occurred less than 24 hours after Colon received the Incident Report; that he was denied the right to call witnesses and to present documentary evidence; that he did not receive a copy of the DHO's written decision; and that the evidence was insufficient to support the DHO's ruling. The respondent filed a pleading asking for dismissal of the petition.[5] The court notified Colon of the respondent's pleading as required by

---

[5] The respondent argues for dismissal of Colon's claims as without merit or for failure to exhaust administrative remedies. Because I herein determine that the claims are without merit, I need not address exhaustion. In any event, it appears that once Colon failed to challenge the validity of the evidence or to deny his guilt during the DHO hearing, he could not have raised these issues in an administrative appeal. 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings.").

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Colon has responded, making the matter ripe for consideration.

II.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The inmate facing a prison disciplinary charge enjoys these limited, constitutionally guaranteed due process protections: (1) written notice of the charged violations at least twenty-four hours before the hearing; (2) disclosure of evidence against him; (3) the right to call witnesses and present documentary evidence absent safety concerns; (4) a neutral and detached factfinder; and (5) a written statement by the fact finder of the evidence relied on and reasons for disciplinary action. *Id.* at 564-71.

Undisputed documents now in the record demonstrate that Colon received the following *Wolff* protections: (1) proper and timely notice of the charges, (2) disclosure in the Incident Report of what evidence would be considered in support of those charges, and (3) an opportunity to present witnesses and documentary evidence at the hearing. Therefore, I must deny relief on his claims to the contrary.

I also find it undisputed that Colon has now received a copy of the DHO's Report, listing the evidence relied on, the reasons for the finding of guilt, and the

reasons for the sanctions imposed.[6] Finally, the documentation of the disciplinary proceedings does not support any claim that the DHO failed to remain neutral and detached as the factfinder, and Colon has not asserted such a claim. Therefore, I conclude that Colon has failed to demonstrate denial of any procedural protection constitutionally required under *Wolff* related to the challenged disciplinary proceedings.[7]

Rather, Colon's petition and later submissions, in essence, contend that the DHO had insufficient evidence to support his findings or the penalties imposed. In a sworn affidavit, Colon avers that he never instructed anyone to send Suboxone to any prison. He complains that he never *saw* the transcript of the telephone conversation or the photographs of the legal mail package. Colon believes that USP Lewisburg authorities "manufactured the DHO report" and "have no

---

[6] Colon repeatedly claims that he never received the DHO Report. The record belies this contention, however. The clerk's office mailed Colon copies of all documents attached to the responsive pleading, including the DHO Report. Colon also attempts to dispute the authenticity of the DHO Report in the record. He states that at some unspecified time, he reviewed his Central File and did not find the DHO report or "the alleged evidence the DHO relied on." Pet'r's Response Ex. B, ECF No. 15. These facts are not sufficient to undermine confidence in the authenticity of the DHO Report now before the court.

[7] Colon complains that the alleged delay in his receipt of the DHO Report prevented him from pursuing a disciplinary appeal under Bureau of Prisons procedures. This contention states no viable habeas claim, however, because *Wolff* does not recognize a constitutional right to an appeal from the disciplinary factfinder's decision. *See, e.g., Westbrook v. Koch*, No. 1:16CV480 (LMB/IDD), 2017 WL 2589963, at *6 (E.D. Va. June 13, 2017) ("[I]t is widely recognized that an inmate has no right to appeal a disciplinary board's decision."), *appeal dismissed*, No. 17-6854, 2017 WL 6803019 (4th Cir. Sept. 5, 2017) (unpublished).

evidence" that he actually committed the charged offenses. Pet'r's Resp. Ex. B, ECF No. 15. Because the respondent has failed to produce all of the evidence against him in response to his § 2241 petition, Colon demands that the disciplinary offenses be expunged and his lost good conduct time be restored.

"The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators [in disciplinary proceedings] that have some basis in fact." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985). Thus, when an inmate challenges the sufficiency of the evidence to support his disciplinary convictions, due process requirements in this regard are met when there is "some evidence" in the record "that could support the conclusion reached." *Id.* at 455-56. Determining "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455. Moreover, "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies" when an inmate faces a potential loss of good time. *Id.* at 456 (citations omitted).

Colon had his opportunity at the DHO hearing to learn what evidence would be considered against him, to challenge its authenticity, to deny his participation in

the charged offenses, and to present evidence and witness testimony contradicting the evidence the prison's investigation had gathered.  Instead, it is undisputed that Colon made no statement and offered no documentation or witness testimony.  The *Wolff* decision did not recognize a constitutional right for an inmate to remain silent during disciplinary proceedings without that silence being used as evidence against him.  Thus, from Colon's failure to *deny* participation in the offenses, the DHO could lawfully infer that he *did* participate — an inference amply supported by the other, unchallenged evidence before the DHO.

Furthermore, the protections recognized in *Wolff* and *Hill* do not require that all physical evidence or photographs of it be presented to the inmate at the hearing, be attached to the DHO Report, or be presented in defense of a § 2241 petition. Even if such evidence were provided with the Report, it is not my province in these habeas proceedings to reexamine it, determine the credibility of the investigative report, or weigh the DHO's evidence against Colon's present denial of guilt.  *Hill*, 472 U.S. at 456.  On habeas review, I must find that due process is satisfied here because the DHO had some evidence that Colon committed the charged infractions:  the discovery of the 50 Suboxone strips in a package addressed to Colon using a false return address, the telephone call Colon placed, ties between the transcribed conversation and the items in the package, and Colon's failure to deny participation in the offenses when given the chance to do so.

For the reasons stated, I find no material disputed fact and conclude from the record that the challenged disciplinary proceedings did not violate Colon's due process rights. Accordingly, I will dismiss with prejudice his § 2241 petition for habeas relief.

A separate Final Order will be entered herewith.

DATED: January 17, 2019

/s/ James P. Jones
United States District Judge